IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01899-PAB-KLM

GERALD LEE PATTERSON,

     Plaintiff,

v.

GEORGE SANTINI, M.D.,
P.A. CAMACHO, and
FIVE JOHN/JANE DOES,

     Defendants.

---

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

---

This matter comes before the Court on the document entitled "Motion Pursuant to Fed.R.Civ.P. 55 for Default Judgment" filed by plaintiff Gerald Lee Patterson on November 17, 2011 [Docket No 15]. Interpreting this document liberally, as I am required to do because of plaintiff's *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), I construe it as a motion for entry of default and default judgment.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).

Failure to successfully complete the first step of obtaining an entry of default

necessarily precludes the granting of default judgment in step two.  *See Williams*, 1995

WL 365988 at *1; *Nasious*, 2008 WL 659667, at *1.

      In the present case, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk

of the Court interpreted plaintiff's filing as a request for entry of default, but denied the

request [Docket No. 16].  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and

that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Because the plaintiff failed to obtain an entry of default under Rule 55(a) at step one, he

may not obtain a default judgment at step two.

      Accordingly, it is

      **ORDERED** that plaintiff's motion for default judgment [Docket No. 15] is

DENIED.

      DATED February 8, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge