IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01899-PAB-KLM

GERALD LEE PATTERSON,

     Plaintiff,

v.

GEORGE SANTINI, M.D.,
P.A. CAMACHO, and
FIVE JOHN/JANE DOES,

     Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of the United States Magistrate Judge Kristen L. Mix (the "Recommendation") [Docket No. 24], which recommends that the Court deny defendants George Santini and Physician Assistant ("P.A.") Camacho's Motion to Dismiss [Docket No. 17].[1]  On April 11, 2012, defendants filed timely objections [Docket No. 26] to the Recommendation.

The Recommendation concluded that plaintiff's complaint plausibly asserted that defendants' actions violated plaintiff's Eighth Amendment rights.  Docket No. 24 at 9-12.  Specifically, the Recommendation found that, in 1997, medical personnel recognized that plaintiff's herniated discs and arthritis neck pain were serious medical conditions which required surgery.  *Id*. at 9-11.  The Recommendation determined that defendants Santini and Camacho had personal knowledge of plaintiff's medical

---

[1]The Recommendation contains a detailed statement of the case with which no party has taken issue.

condition, yet refused to provide plaintiff with adequate medical treatment.  *Id.* at 11-12.

Because a prisoner's right to adequate medical care was clearly established at the time

of defendants' actions, the Recommendation concluded that defendants were not

entitled to qualified immunity.  *Id.* at 12.

Defendants object to the Recommendation's conclusion that plaintiff sufficiently

raised an Eighth Amendment claim.  Docket No. 26 at 7-9.  Defendants contend that

plaintiff's complaint mentions only a disagreement between plaintiff and defendants

about the best course of treatment for his medical condition.  Defendants also argue

that they were not deliberately indifferent to plaintiff's medical condition.  Moreover,

defendants object to the Recommendation's liberal reading of the complaint as alleging

a claim for injunctive relief.

Since the filing of the Recommendation, the procedural posture of this case has

significantly changed.  On April 16, 2012, the plaintiff filed an Amended Complaint

[Docket No. 27].  This complaint includes many more specific allegations regarding the

plaintiff's course of treatment for back problems and pain complaints, including

allegations that (a) surgery was previously indicated and ordered to be performed while

plaintiff was incarcerated at FMC Springfield, (b) he was told for the ten years he was

incarcerated in Forest City, Arkansas that the institution does not perform surgery on

inmates, and (c) he has received conflicting diagnoses and information from medical

providers at FPC Florence regarding treatment of pain he is experiencing.  Docket No.

27 at 4-5.  On April 26, 2012, Magistrate Judge Mix accepted the amended complaint

and ordered defendants to respond to it [Docket No. 29].  However, rather than

responding to the amended complaint, defendants filed a motion to stay the

proceedings until the Court determined whether they are entitled to qualified immunity [Docket No. 32]. Defendants also claimed in the motion to stay that plaintiff had failed to exhaust his administrative remedies. *Id.* at 3.

The factual context of plaintiff's claim is now set forth in the amended complaint, which, as noted above, has been significantly augmented. Plaintiff alleged some of these facts in his response to the motion to dismiss, but has also alleged new facts. Defendants' motion to dismiss is therefore directed at an inoperative, superseded pleading. *See, e.g., Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) ("[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies ....") (internal quotation marks omitted). This alone provides a basis to deny the motion to dismiss. Moreover, the Court cannot consider the general principles of qualified immunity stated in the motion to dismiss without reference to the new facts alleged in the amended complaint. As defendants themselves state in their objections to the Recommendation, "when conducting a qualified immunity analysis, the Court must consider the specific factual context of the claim." Docket No. 26 at 11 (citing *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009)). Thus, even if the Court considered the principles of qualified immunity in light of the amended complaint, defendants' failure to address the newly alleged facts would lead to the same result – denial of the motion.

Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 24] is **ACCEPTED** for the reasons stated in this Order. It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 17] is **DENIED**.  It is further

**ORDERED** that, on or before September 20, 2012, defendants shall file a response to the Amended Prisoner Complaint [Docket No. 27].  It is further

**ORDERED** that plaintiff's Requests to Submit for Decision [Docket Nos. 38, 39] are **DENIED** as moot.

DATED September 6, 2012.

BY THE COURT:

 s/Philip A. Brimmer                                    
PHILIP A. BRIMMER
United States District Judge

4