IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01899-RM-KLM

GERALD LEE PATTERSON,

    Plaintiff,

v.

GEORGE SANTINI, M.D.,
CAMACHO, P.A., and
FIVE JOHN/JANE DOES,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Renewed Motion to Stay** [#89][1] (the "Motion").

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). Further, "[a] court has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and

---

[1] "[#89]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1,

2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

In their Motion [#89], Defendants argue that because they assert in their Motion to Dismiss Amended Complaint (Doc. 27) [#45] (the "Motion to Dismiss") that they are entitled to qualified immunity, a stay is warranted.  *See Motion* [#89] at 2-3.  Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted).  Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).  Here, the Court has already considered Defendants' arguments regarding qualified immunity and has recommended that the Motion to Dismiss be denied.  *See Recommendation* [#64] at 15.

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest.  *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would prejudice Plaintiff.  Plaintiff's claims relate to Defendants' alleged deliberate indifference to his allegedly serious medical problem which causes him pain and limits his activities.  *See Am. Compl.* [#27] at 4-5.  In his Amended Complaint, Plaintiff notes that "[f]ollowing the filing of this suit, Defendants have finally

submitted Plaintiff for a consult with an orthopedic surgeon; however, said surgeon said that injections (presumedly [sic] of a steroid) could help manage the pain, but that if unsuccessful surgery was still an option." *Id.* at 4. However, Plaintiff did not receive the injections because Defendants were not "able to provide the injections." *Id.* According to Plaintiff, this is because "Defendants could not locate a doctor who did those injections." *Id.* at 5. Plaintiff alleges that "[o]n April 5, 2012, [he] was informed that the Defendants would not be able to provide the injections. . . . [and that he] continues to suffer unremitting and debilitating pain for a condition which has been diagnosed by medical professionals for more than 15 years." *Id.* Defendants argue that "this is not a case where Plaintiff has not received medical treatment," *Motion* [#89] at 6, and attach an exhibit to the Motion showing that on May 15, 2013, Plaintiff received a "[c]ervical epidural steroid injection." *See Operative Report* [#90] at 3. In the Operative Report, the treating doctor noted that Plaintiff "was instructed to return in 2 to 3 weeks for the next series of injections if he is still having any significant discomfort or weakness or numbness . . . ." *Id.* at 3-4. Defendants further argue that since Plaintiff received one injection more than eight months ago, "other reasonable explanations may account for Plaintiff's continued pain complaints, and the Court should not allow discovery to eclipse the traditional process for deciding whether Defendants are entitled to qualified immunity." *Motion* [#89] at 6. The Court notes that Plaintiff initiated this case on July 21, 2011, more than two and a half years ago. *See generally Complaint* [#1]. Further, as Defendants admit, he complains of severe pain to this day. *See Motion* [#89] at 6 ("Plaintiff's continued pain complaints . . . ."). Therefore, the Court finds that there is potential prejudice to Plaintiff if there is further delay of this case. Accordingly, the first *String Cheese Incident* factor weighs against a stay.

With regard to the second factor, it appears Defendants will not be burdened by a stay because they are seeking a stay. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay.

With regard to the third factor, this case was filed in July 2011 and has not moved forward. It is not convenient for the Court to have stale cases cluttering its docket. The Court therefore finds that the third *String Cheese Incident* factor weighs against a stay.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding prolonged litigation that does not move forward is in the public's interest. Thus, the fifth *String Cheese Incident* factor weighs against a stay.

IT IS HEREBY **ORDERED** that the Motion [#89] is **DENIED**.

IT IS FURTHER **ORDERED** that commencing in February of 2014 the Bureau of Prisons shall provide the Court with monthly status reports concerning Plaintiff's ongoing medical care, due on or before the last day of each month.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for February 4, 2014 at 2:00 p.m. is **VACATED** and **RESET** to **February 12, 2014 at 10:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling

order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The parties shall submit the proposed scheduling order no later than **February 10, 2014**.

Dated:  January 31, 2014         BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge