**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 11-cv-01899-RM-KLM

GERALD LEE PATTERSON,

    Plaintiff,

v.

GEORGE SANTINI, M.D.,
CAMACHO, P.A., and
FIVE JOHN/JANE DOES,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's "Motion to Reopen Case for Good Cause" ("Motion to Reopen"). (ECF No. 110.) For the reasons stated below, the Court DENIES Plaintiff's Motion to Reopen.

**I.      BACKGROUND**

Plaintiff's Amended Complaint alleges that Defendants violated his Eighth Amendment rights through their deliberate indifference to his serious medical condition. (ECF No. 27 at 4-5.) Defendants Santini and Camacho moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. (ECF No. 45.) Magistrate Judge Mix recommended denying Defendants' motion to dismiss. (ECF No. 64.) During the pendency of the Court's considering Magistrate Judge Mix's recommendation (ECF No. 64), Defendants' objections (ECF No. 66), and Plaintiff's response to Defendants' objections (ECF No. 68), the parties filed a stipulated motion

which requested that the case be administratively closed (ECF No. 103). The Court granted the motion to administratively close the case. (ECF No. 104.)

Plaintiff moves to reopen the case by arguing that the settlement agreement was procured under duress (ECF No. 110 at 1-3) and that Defendants failed to "comply with the Court order that Plaintiff receive competent medical care from the time the Stipulation was approved" (ECF No. 110 at 3-4). Defendants oppose Plaintiff's Motion to Reopen. (ECF No. 111.)

## II.     LEGAL STANDARDS

### A.     *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of

those issues) (citations omitted).  Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure.  *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

      **B.**      **Reopening a Case Subsequent to its Administrative Closure**

Local Civil Rule 41.2 provides that a "district judge . . . may order the clerk to close a civil action administratively subject to reopening for good cause.  Administrative closure of a civil action terminates any pending motion.  Reopening of a civil action does not reinstate any motion."  D.C. Colo. L. Civ. R. 41.2.

**III.**      **ANALYSIS**

As an initial matter, no party provides the Court with the settlement agreement which led to the administrative closure of this matter previously.  (*See* ECF No. 102 (holding that a settlement was reached as to all claims in the action and that no record was made of the settlement conference).)  Thus, the Court is at a disadvantage because it is without knowledge as to what actions each party was expected to take subsequent to the administrative closure.

Plaintiff offers threadbare recitals for why this case should be reopened.  (ECF No. 110.)

First, Plaintiff argues that the settlement agreement was "procured under extreme duress."  (ECF No. 110 at 1.)  Plaintiff, however, fails to substantiate this allegation.  (*See generally* ECF No. 110.)  Rather Plaintiff relies upon his requests to non-parties to this case, *i.e.*, his case manager and the warden of the penitentiary at which he is being held, for early release pursuant to a new United States Bureau of Prison policy which were denied.  (ECF No. 110 at 2.)  Because there is no nexus between this conduct and alleged duress in procuring the settlement agreement, the Court does not find good cause to reopen the case on this basis.

3

Second, Plaintiff argues that Defendants "have failed to comply with the Court's order that Plaintiff receive competent medical care from the time the Stipulation was approved." (ECF No. 110 at 3.) The Court has reviewed the docket in this matter and can find no order in relation to the medical care Plaintiff was to receive. Plaintiff argues that he has received medical care subsequent to the administrative closure but that it is deficient in relation to that which his treating physicians prescribed. (ECF No. 110 at 3-4.) Because the Amended Complaint concerns Defendants' alleged failure to adhere to medically prescribed treatment, there is a potential nexus between this conduct and the administrative closure. But as the Court lacks the settlement agreement between the parties, the Court is without information as to what conduct Defendants agreed to complete. Thus, at this time, Plaintiff has failed to establish good cause to reopen the case on this basis.

Denying Plaintiff's Motion to Reopen with prejudice would, in effect, foreclose Plaintiff's ability to test his claim on its merit.

### IV. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Reopen (ECF No. 110) without prejudice.

DATED this 5th day of December, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge