**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 11-cv-01899-RM-KLM

GERALD LEE PATTERSON,

    Plaintiff,

v.

GEORGE SANTINI, M.D.,
CAMACHO, P.A., and
FIVE JOHN/JANE DOES,

    Defendants.

---

**ORDER DENYING POST CLOSURE MOTIONS**

---

THIS MATTER is before the Court on Plaintiff Gerald Lee Patterson's Renewed Motion (the "Renewed Motion") to Reopen Case for Good Cause (ECF No. 114), Motion for Order (the "Motion for Order") to Grant Unapposed (sic) Motion to Reopen Case (ECF No. 115), and Motion for Rule (the "Show Cause Motion") to Show Cause (ECF no. 118). The Court has reviewed these motions, any responses and replies, and pertinent portions of the file. For the reasons set forth below, these motions are DENIED.

**I.    BACKGROUND**

Plaintiff's Amended Prisoner Complaint (the "Complaint") alleged that Defendants violated his Eighth Amendment rights through their deliberate indifference to his serious medical condition. (ECF No. 27 at 4-5). Defendants Santini and Camacho, medical staff at the Bureau of Prisons complex at Florence, Colorado, moved to dismiss the Complaint for failure to state a

claim. (ECF No. 45.) Magistrate Judge Kristen Mix recommended denying Defendants' motion to dismiss. (ECF No. 64.) During the pendency of the Court's consideration of Magistrate Judge Mix's recommendation, Defendants' objections (ECF No. 66) and Plaintiff's response to Defendants' objections (ECF No. 68), a settlement conference was held on March 6, 2014 (*See* ECF No. 102). The minutes of that conference reflect that a settlement was reached and that the parties agreed to file a motion to administratively close the case. (*Id*.) Thereafter, on March 28, 2014, a Stipulated Motion for Administrative Closure, signed by the Plaintiff, was filed. On March 31, 2014, the motion was granted and this case was administratively closed. (ECF No. 104.)

The calm before the storm lasted two weeks.

On April 14, 2014, Plaintiff filed a Motion for Clarification. (ECF No. 105.) He alleged, with neither explanation nor support, that a written stipulation (the "Settlement Stipulation") which served as the basis for the Stipulated Motion for Administrative Closure "was made under duress and not with an opportunity to consult with competent counsel." (*Id.* at 1.) Despite the vague reference to duress, Plaintiff did not seek to invalidate the Settlement Stipulation or to reopen the case. Instead, he sought an Order directing the parties (Defendants) to include in the Settlement Stipulation a sentence *guaranteeing* his release from custody by September 6, 2014.[1]

The Court denied the Motion for Clarification on June 9, 2014. The Order Denying Motion for Clarification (ECF No. 107) relied upon the insufficiency of the summary nature of Plaintiff's contentions, notwithstanding the reference to lack of counsel. And to the extent the

---

[1] The Settlement Stipulation as signed provided that the Bureau of Prisons ("BOP") would reconsider Plaintiff's application for compassionate release and render a decision by September 6, 2014. (ECF Nos. 114-1 at ¶3; 119-1 at ¶3.)

2

Motion for Clarification could be interpreted as asking for reopening of the case, that request was denied as well. (*Id.*)

On September 5, 2014, Plaintiff filed a Motion to Reopen for Good Cause (ECF No. 110.) Again, Plaintiff made a claim of duress, this time not relying on the absence of counsel but asserting that:

> By manipulating the facts, by refusing to implement a policy the Attorney General and the Director of the BOP approved, by lying and saying Plaintiff did not have a serious medical problem, by threatening to keep Plaintiff locked up until the end of his term when the policy provided that he was eligible for release under these exact circumstances, by promising to provide him adequate medical treatment until his promised release date on September 6, 2014, and failing to do that, Defendants have secured an agreement (the stipulation) which is unenforceable because it was secured under duress.

(*Id.* at 2-3.)

What precipitated this pleading? The BOP denied the reconsidered request for compassionate release. (*See* ECF No. 111 at 1-2.) The BOP's decision issued on September 2, 2014, as required by the time parameters included within the Settlement Stipulation. (*Id.*) Almost immediately thereafter, the Motion to Reopen for Good Cause was filed.[2]

The Motion to Reopen for Good Cause sought to invalidate the Settlement Stipulation by claiming, again, that it was the product of duress. But the duress claimed was that the BOP denied the reconsidered request for compassionate release and disagreement with the bases upon which that decision was made. In other words, the purported duress had nothing to do with the negotiation and execution of the Settlement

---

[2] The exact timing is somewhat confounded by the execution date on the motion. It purports to have been signed on September 6, 2014. However, it was mailed to the Court from FPC Florence. And the motion was received by the Court and filed on September 5, 2014.

Stipulation and everything to do with BOP decisions made after its execution. The "duress" also was based on conduct by persons other than Defendants. The Motion to Reopen for Good Cause was denied. (ECF No. 113.)[3]

On December 23, 2014, Plaintiff filed the Renewed Motion. (ECF No. 114.) Now, a third species of duress was alleged. A case manager who was neither party to the litigation nor someone who signed the Settlement Stipulation allegedly secured Plaintiff's signature on the Settlement Stipulation by advising Plaintiff that paragraph 5 of the stipulation *guaranteed* his release by September 6, 2014, and by insisting that Plaintiff sign that day. (ECF No. 114 at 2; ECF No. 114-1 at 4.) On January 29, 2015, Plaintiff filed his Motion for Order (ECF No. 115), arguing that since the government had not responded to the Renewed Motion (ECF No. 114), it could be said to be unopposed. The government then filed a response (ECF No. 116) disagreeing with the assumption contained in the Motion for Order, as well as with the basis for reopening described in the Renewed Motion. Plaintiff filed a reply (ECF No. 117).

On April 9, 2015, Plaintiff filed the Show Cause Motion. (ECF No. 118.) Although filed in this case, the Show Cause Motion has nothing to do with the Settlement Stipulation or this case. In the Show Cause Motion, Plaintiff asserts that he recently received a reduction of his sentence pursuant to Amendment 782 of the Sentencing Guidelines and 18 U.S.C. §3582(c)(2). He contends that by virtue of his reduced sentence, he is eligible for release on November 1, 2015.[4] He notes that pursuant to 18

---

[3] A second ground for reopening the case was Defendants' "failure to comply with the Court's order that Plaintiff receive competent medical care from the time the Stipulation was approved." No such order existed.
[4] By Order dated March 11, 2015, the United States District Court for the Western District of Missouri reduced Plaintiff's sentence to 270 months. (WD Missouri Case No. 6:96-cr-03008-ODS at ECF No. 728.) The stipulation

4

U.S.C. §3624(c), the BOP has authority to place inmates in a half-way house during their last year of confinement and in home confinement during the last up to 6 months of their confinement. 18 U.S.C. §3624(c). He requests an order to show cause as to why Plaintiff has not been so released. He summarily asserts that he has not been released "in retaliation for filing this lawsuit." (ECF No. 118 at 1.)

## II. LEGAL STANDARDS

### A. *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of

---

between defense counsel and the U.S. Attorney's Office pursuant to which the Order entered states that Plaintiff is eligible for release effective November 1, 2015. (W.D. Missouri, Case No. 6:96-cr-03008-ODS, ECF No. 727.)

those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

### B. Reopening a Case Subsequent to its Administrative Closure

Local Civil Rule 41.2 provides that a "district judge . . . may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion." D.C. Colo. L. Civ. R. 41.2.

### III. ANALYSIS

Plaintiff's Renewed Motion and Motion for Order represent the third attempt to escape the terms of the Settlement Stipulation. These motions also contain the third different characterization of "duress" said to impact the validity of the Settlement Stipulation. First, Plaintiff was under duress because he lacked counsel to review the Settlement Stipulation. (ECF No. 105.) Then, he was under duress because Warden Berkebile denied Plaintiff's reconsidered request for compassionate release. (ECF No. 110.) And now, duress existed because a case manager secured Plaintiff's signature on the Settlement Stipulation by falsely telling Plaintiff that the stipulation *guaranteed* his release on September 6, 2014. (ECF No. 114.)

The Court finds that good cause to reopen this matter is lacking. As an initial matter, the constantly shifting nature of the duress which allegedly impacted Plaintiff's execution of the Settlement Stipulation undercuts significantly the credibility of any single characterization. So, too, does the fact that the current allegations arose only after (i) Plaintiff's reconsidered request for compassionate release was denied, and (ii) two prior claims of duress were rejected. The

current duress claim is wholly unconvincing given the terms of the Settlement Stipulation itself. Plaintiff was not, and could not have been, moved to execute the Settlement Agreement based on some belief that his release was *guaranteed* by September 6, 2014, whether that belief was the product of his own naiveté or lack of counsel (as suggested by the earlier Motion for Clarification) or the product of what he was told by a counselor.

The Court has reviewed the Settlement Stipulation. Nothing in it can remotely be taken as suggesting that Plaintiff's release by September 6, 2014 was guaranteed. Paragraph 3 provides that the BOP will "reconsider" Plaintiff's application. Paragraph 4 provides that Plaintiff can submit additional information to the BOP in connection with the reconsideration. Paragraph 6 provides for dismissal with prejudice of all claims "[s]hould the Bureau of Prisons grant Plaintiff compassionate release." Conversely, paragraph 7 provides that either party may move for reopening of the case "[i]f the Bureau of Prisons denies Plaintiff's request." Paragraph 9 then provides that the parties have read and understand the terms of the stipulation. Finally, paragraph 10 states that there are no other terms omitted from the stipulation.

Given the clear and straight-forward nature of the Settlement Stipulation, Plaintiff's attempt to invalidate it must fail. Even considering Plaintiff's *pro so* status, it cannot credibly be said that he did not understand the terms of the Settlement Stipulation. He simply did not get that for which he hoped. He agreed to close the case against Defendants in exchange for reconsideration of his application for compassionate release by others. His application was reconsidered, but again denied. That is not duress.

The Renewed Motion is not based on any act or omission of any Defendant. It is not related to the merits of the closed case or any aspect thereof. The Renewed Motion does not

even reference medical treatment, needs or issues. It is unsupported by good cause, but instead seeks a reopening simply because Plaintiff was unsuccessful in obtaining an early release. While the Settlement Stipulation permits him to ask to reopen the case in this circumstance, the Local Rules still require good cause. There being none, the Renewed Motion and Motion for Order must be denied.

As for the Show Cause Motion, it also must be denied. That motion has nothing whatsoever to do with this matter. It asks the Court to issue an Order with respect to matters – service of the final stages of a term of imprisonment at a halfway house or on home confinement – which are largely within the discretion of the BOP.[5] Title 18, United States Code, §3621(b) gives the BOP authority with respect to where a sentence is served, and nothing in §3624 limits that authority. 18 U.S.C. §3624(c)(4). Nothing in the pertinent statutes permits Plaintiff to claim entitlement to less than institutional confinement at the earliest moment of eligibility. Moreover, the Show Cause Motion assumes the correctness of calculations as to Plaintiff's release date made by the prosecutor and defense counsel in the underlying criminal case with no back-up and without any BOP computations whatsoever. Finally, if intended as some form of new claim (retaliation) or habeas petition, Plaintiff must proceed by new action and not by unsupported allegations in a closed and unrelated matter.

---

[5] Title 18, United States Code, §3624(c)(1) provides that "to the extent practical," the BOP shall ensure that prisoners spend "a portion" of the final months of their term, "not to exceed 12 months," in community corrections. Title 18, United States Code, §3624(c)(2) provides that a prisoner "may be placed" in home confinement for "the shorter of" the last 10 percent of his term or 6 months.

**IV.    CONCLUSION**

Based on the foregoing, the Court DENIES Plaintiff's Renewed Motion to Reopen Case for Good Cause (ECF No. 114), Plaintiff's Motion to Grant Unapposed (sic) Motion to Reopen Case (ECF No. 115), and Plaintiff's Motion for Rule to Show Cause (ECF No. 118).

DATED this 15th day of April, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge