**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 11-cv-01899-RM-KLM

GERALD LEE PATTERSON,

    Plaintiff,

v.

GEORGE SANTINI, M.D.,
CAMACHO, P.A., and
FIVE JOHN/JANE DOES,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Verified Renewed Motion to Recuse Magistrate Mix (ECF No. 134) filed on January 19, 2016 and again in duplicate on January 25, 2016. (ECF No. 139.) Having reviewed the record, and being otherwise fully informed, Plaintiff's motions are DENIED.

**A. Background**

Plaintiff brought the present action against Defendants alleging that his Eighth Amendment rights had been violated due to Defendants' deliberate indifference to his serious medical condition. (ECF No. 27 at 4-5.) A settlement conference was held on March 6, 2014, and the minutes from the settlement conference indicate that a settlement was reached among the parties. (ECF No. 102). The parties subsequently filed a stipulated motion to administratively close their case. (ECF No. 103.) Thereafter, Plaintiff filed several motions with the Court

seeking to alter the terms of his settlement agreement, to reopen his case, and to have him released from prison based on the settlement agreement. (ECF Nos. 105, 110, 114, 118.) The Court denied these motions (ECF Nos. 107, 120), Plaintiff appealed (*Patterson v. Santini, M.D.*, 10th Cir., No. 15-1147), and the Tenth Circuit ordered on November 12, 2015 that Plaintiff's case be reopened to allow the parties to litigate the merits of Plaintiff's claims. (ECF No. 129.) Thereafter, on November 23, 2015, Plaintiff filed his first motion to recuse the magistrate judge. (ECF No. 128.) Plaintiff filed another motion on December 15, 2015, again seeking the recusal of the magistrate judge, among other things, (ECF No. 130), and the Court denied both motions without prejudice on January 5, 2016 on the grounds that Plaintiff had not supported the motion with a sworn affidavit. (ECF No. 132.) Plaintiff filed the present motion to recuse the magistrate judge on January 19, 2016, including essentially the same arguments as his previous two motions to recuse and also verifying the motion pursuant to 28 U.S.C. § 1746. (ECF No. 134.) He also notes, correctly, that his earlier motions were executed pursuant to 28 U.S.C. § 1746.[1]

In his third recusal motion, Plaintiff makes several allegations regarding statements purportedly made to Plaintiff and others by the magistrate judge on or around the time of the March 6, 2014 settlement conference that are intended to show that the magistrate judge was "advocating for Defendants in this case" by encouraging Plaintiff to accept the settlement offer made to him. (ECF No. 134 at 2; ECF No. 139 at 2.) Specifically, referring to the March, 2014 settlement conference (*see* ECF No. 102) in which Plaintiff participated telephonically, Plaintiff

---

[1] Because of this judicial oversight, the Court does not view Plaintiff's renewed motion as constrained by the Court's January 5, 2016 Order, nor does the Court view this matter as already having been decided. Instead, the matter will be examined *de novo*.

avers that the magistrate judge stated to Plaintiff that "if you want to get something out of this, you had better accept the offer to get you released by September 6, 2014, or you won't get anything." (ECF No. 134 at 2; ECF No. 139 at 2.) Likewise, Plaintiff purports to quote the magistrate judge as informing Plaintiff's case manager at some point that same month that "if Plaintiff was going to get anything out of this suit, he'd better accept the offer as the defendants were not going to pay him anything and the [Bureau of Prisons] would not step in and cover the damages for them even if Plaintiff won the suit." Plaintiff also avers that when he mentioned that his release date would already be pushed up due to a sentence reduction he had received in a separate proceeding, the magistrate judge commented that Plaintiff could "just as well forget that as nothing the Sentencing Commission does moves very fast, if at all." (*Id.* at 3.)

### B. Legal Standard

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Similarly, under § 455(b)(1), a judge or magistrate judge should also be disqualified if he or she has a personal bias or prejudice concerning a party.

"[A] judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient *factual grounds* exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (emphasis added). Under this statute, the judge must recuse when there is the appearance of bias, regardless of whether there is actual bias. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). The test is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quotation omitted); *Cooley,* 1 F.3d at 993. The standard is purely objective. *See Nichols,* 71 F.3d at 350; *Cooley,* 1 F.3d at 993; *Scott v. Rubio*, No. 12-2063, 516 Fed.Appx. 718, 722, 2013 WL 410865, at *3 (10th Cir. Feb. 4, 2013).

However, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Likewise, judges must not "abdicate in difficult cases at the mere sound of controversy." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993; *Nichols*, 71 F.3d at 351. "That is because the disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989).

### C. Analysis

The Court first examines whether Plaintiff's motion was timely made. "A motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987); *see also United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000) ("A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process."). While the Tenth Circuit has not pegged a specific time frame in which a recusal motion may be filed, "our precedent requires a party to act promptly once it knows of the facts on which it relies in its motion." *Id.* (citing *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1028-29 (10th Cir. 1988)); *see also United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (A recusal motion "is not timely unless filed 'at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification.'") (citations omitted).

According to Plaintiff's motion, the statements made by the magistrate judge are said to have been made at and around the time of a March, 2014, settlement conference, over a year and a half from the time that Plaintiff filed his first motion to recuse the magistrate judge on November 23, 2015. (ECF No. 128.) Because at least some of the quoted statements described in Plaintiff's motion are purportedly made by the magistrate judge directly to Plaintiff in March, 2014 or thereabouts, the Court finds that Plaintiff acquired knowledge of the grounds upon which Plaintiff moves for recusal no later than March, 2014. However, Plaintiff did not make his first request to have the magistrate judge recused until the end of 2015. (*Id.*) Indeed, prior to the filing of his motion to recuse, Plaintiff did file several motions with this Court seeking to either alter his settlement agreement or reopen his case based on allegations that he entered into

his settlement agreement under duress. (ECF Nos. 105, 110, 114.)  However, while certain of these motions indicate that he was subject to duress by the Defendants in this case and, alternatively, his case manager, none of these motions make reference to statements made to him by the magistrate judge.  The absence of any mention of the magistrate judge in Plaintiff's previous motions, along with the fact that Plaintiff waited over a year and a half from the time that the magistrate judge's allegedly biased statements were made, (even factoring in the period of administrative closure) creates "concern" that the present motion "is motivated by adverse rulings or an attempt to manipulate the judicial process." *Pearson*, 203 F.3d 1276.  Accordingly, Plaintiff's motion is not timely made.

Second, even were this Court to ignore the timing of Plaintiff's motion, it would still fail because the statements purportedly made by the magistrate judge do not show that she holds any personal bias towards Plaintiff.  While Plaintiff's quoted statements allegedly made by the magistrate judge might raise readers' eyebrows when examined in a vacuum, these statements are not inappropriate when placed in the context in which they occurred: these statements were made by the magistrate judge in her capacity as a mediator navigating a settlement conference. Courts have acknowledged that "magistrate judges assume a variety of roles in the course of aiding the district court under 28 U.S.C. § 636, including those of mediator and adjudicator, and . . . these latter roles at least are consistent with § 636." *Hameli v. Nazario*, 930 F.Supp. 171, 182 (D. Del. 1996).  Other Federal laws governing the conduct of judges similarly contemplate their potential role as mediator in the course of settlement discussions.  For example, "the Federal Rules of Civil Procedure contemplate that judges can play a role in settlement discussions." *Blackmon v. Eaton Corp.*, 587 Fed.App'x. 925, 934 (6th Cir. 2014) (citing Fed. R. Civ. P.

16(a)(5), (c)(2)(I)). Likewise, "[t]he Code of Conduct for federal judges also allows judges to participate in *ex parte* communications with parties 'in an effort to mediate or settle pending matters, Canon 3(A)(4)(d), provided that the parties consent . . . ." *Id.* ("Plaintiff asserts that the magistrate judge spoke *ex parte* with Defendant and expressed his opinions about the case, but these facts alone are not enough to suggest a personal bias in favor of one party or another.") This local rules for the District of Colorado similarly permit magistrate judges to "conduct . . . settlement conferences [and] other alternative dispute resolution proceedings. . . ." D.C.Colo.LCivR 72.1(c)(1).

Here, Plaintiff's contention that the magistrate judge's purported statements are evidence of bias would necessarily ignore the context in which they were made—settlement negotiations. (*See* ECF Nos. 98-102.) In such negotiations, the magistrate judge, or any mediator, engages in separate discussions with the parties and, based on matters communicated to her as well as her evaluation of the case, attempts to move the parties towards a resolution or settlement. Plaintiff's recitations of the magistrate judge's statements can be read as nothing more than her evaluation of Plaintiff's case, her evaluation of Defendants' settlement offer, her understanding and communication of Defendant's position, and the magistrate judge's communication to Plaintiff of this understanding and evaluation. Plaintiff's description of the magistrate judge's statements, viewed in context, consists of conduct which fits well within the realm of a mediator's proper duties.[2] As the above-cited case law makes clear, such evaluation is not

---

[2] Examining the function of a mediator, "[t]he prevailing definition . . . is '[a] neutral person who tries to help disputing parties reach an agreement.'" *Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 276 (5th Cir. 2007) (quoting BLACK'S LAW DICTIONARY 1003 (8th Ed. 2004); *see also* 1 JAY E. GRENIG, ALTERNATIVE DISPUTE RESOLUTION § 4.1 (3d Ed. 2005) (resolving disputes through the mediation process "involves a neutral third party—the mediator—whose

improper but rather is consistent with the obligations of magistrate judges generally under 28 U.S.C. § 636 and is contemplated by the Federal Rules of Civil Procedure, the Code of Conduct for Federal Judges, and this District's local rules. Even if one could characterize the magistrate judge's comments as giving the impression that she takes a negative view of Plaintiff's case, judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because the statements purportedly made by the magistrate judge in the course of settlement negotiations are well within her authority when acting in her capacity as mediator, these statements are not sufficient grounds upon which to recuse. Under the circumstances, the contents of Plaintiff's motion "would not cause a reasonable man to doubt the judge's impartiality. Thus, recusal is not required under section 455(a)." *U.S. v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).[3]

---

function is to assist the parties in their negotiations"); *Lopez v. Administrative Office of Courts*, 719 F.3d 1178, 1181 n.2 (10th Cir. 2013) (noting "the neutral role of the mediator, a role in which making any kind of findings or rulings is inappropriate" and that "parties enter into mediation with the understanding that the mediator will have this limited role.").

[3] Further, with respect to Plaintiff's reference to the statement made by the magistrate judge to Plaintiff's case manager after the settlement conference, such statement is hearsay and Plaintiff has not made any indication as to "who heard the statement and reported it to" Plaintiff. *U.S. v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982) (affirming trial court's denial of criminal defendant's recusal motion where movant's affidavit "fail[ed] to state with reasonable particularity when, where, and to whom the statement was made, nor has he identified the informant who heard the statement and reported it to" the movant); *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988) (affirming denial of pro se litigant's recusal motion that was not accompanied by a supporting affidavit or declaration "stating the source of the hearsay statement or when and where it was made"). Regardless, the Court concludes that even if the additional statements were made, they also fall within the overall settlement negotiations which the magistrate judge was navigating.

### D. Conclusion

Based on the foregoing, it is hereby ORDERED that Plaintiff's two motions titled "Verified Renewed Motion to Recuse Magistrate Mix" (ECF Nos. 134, 139) are both DENIED.

DATED this 29th day of January, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge